IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-400-BO-KS

| | |
|---|---|
| MC BOTANICALS LLC and MC NUTRACEUTICALS LLC, ) ) ) Plaintiffs, ) ) v. ) ) ASTERRA LABS, LLC; RISE CAPITAL, LLC; and RYAN MCCONNELL, ) ) ) ) Defendants. ) | ORDER |
| ASTERRA LABS, LLC, ) ) Counter-Plaintiff, ) ) v. ) ) BRETT C. WORLEY, *et al.*, ) ) Counter-Defendants. ) | |

This cause comes before the Court on motions to dismiss, counter-plaintiff's motion for entry of default, and counter-defendants' motion for extension of time. The appropriate responses and replies have been filed, or the time for doing so has expired, and a hearing was held before the undersigned on January 21, 2026, at Raleigh, North Carolina. In this posture, the motions are ripe for disposition.

## BACKGROUND

Plaintiffs instituted this action by filing a complaint alleging claims for breach of contract, breach of the implied duty of good faith and fair dealing, unjust enrichment, tortious interference with contract and/or prospective economic advantage, state and federal misappropriation of trade

secrets, and unfair and deceptive trade practices. [DE 1]. Plaintiffs are engaged in the distribution of hemp-derived cannabinoid products. Jeff and Bret Worley, a father and son team, founded plaintiff MC Nutraceuticals in 2020. According to plaintiffs, MC Nutraceuticals is a national industry leader in lobbying, regulatory reform and distribution in the industrial hemp-based bulk sector.

Defendant Asterra Labs (Asterra) is a North Carolina-based producer, manufacturer, and distributer premium of CBD and hemp products. Its private equity investor is defendant Rise Capital. Plaintiff MC Nutraceuticals and defendant Asterra entered into a manufacturing supply agreement, under which plaintiff would create a new entity, plaintiff MC Botanicals, which would provide industry expertise and market position to Asterra. In exchange, Rise Capital was to provide favorable financing and Asterra was to handle product fulfillment at scale.

Plaintiffs allege that Asterra and Rise failed to hold up their end of the bargain and were in breach almost immediately. Plaintiffs sent employees to North Carolina to recover, but allege that defendants were not satisfied with the arrangement. One of plaintiffs' employees sent to North Carolina was defendant Ryan McConnell, whom plaintiffs allege that defendants poached. Beginning in early June 2025, Asterra and Rise Capital allegedly embarked on a campaign to squeeze plaintiffs out so that defendants could convert plaintiffs' inventory and personnel for themselves. The campaign allegedly included threats to prosecute and jail plaintiff's executives if plaintiffs failed to deliver money defendants believed they were owed. Plaintiffs allege that this lawsuit was brought in response to defendants' actions.

Defendant Rise Capital appeared and moved to dismiss plaintiffs' claims against it. [DE 12]. Asterra answered the complaint and alleged counterclaims against MC Botanicals; MC Nutraceuticals, a Texas Limited Liability Company; MC Nutraceuticals, a Colorado Limited

2

Liability Company; Brett Worley; Jeffrey Worley; and MC Global Holdings LLC for breach of contract; unfair and deceptive trade practices; fraud, abuse of process; veil piercing, alter ego, and mere instrumentality; civil RICO; conspiracy to violate RICO; and civil conspiracy. [DE 14]. The counterclaim defendants moved to dismiss the counterclaims against them. [DE 20].[1] Asterra then filed amended counterclaims against the counterclaim defendants. [DE 24].

Counter-plaintiff Asterra then filed a motion for entry of default against the counter-defendants. [DE 26]. Counter-defendants moved for an extension of time to respond to the amended counterclaims, arguing that counsel had inadvertently failed to seek an extension of time to respond to the amended counterclaims within the time provided. [DE 28]. Finally, defendant Ryan McConnell (McConnell) has moved to dismiss counts two, three, four, and nine of the complaint for failure to state a claim. [DE 31].

## DISCUSSION

The Court considers first the motion for entry of default and motion for extension of time to respond to the amended counterclaims. Clerk's default under Rule 55(a) is appropriate where "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise[.]" Fed. R. Civ. P. 55(a).

The Court need not address the parties' arguments regarding the appropriate filing date of the amended counterclaims as it will, in its discretion, allow the motion for extension of time to respond to Asterra's amended counterclaims. This circuit has "a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). This is

---

[1] In light of the filing of amended counterclaims, the motion to dismiss the original counterclaims is denied as moot. *See Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017) (amended pleading renders original of no effect).

3

especially true where, as here, the defendants have actually appeared and filed a motion to dismiss. *See, e.g., Karagiannopoulos v. City of Lowell*, No. 3:05-CV-401-W, 2006 WL 8426576, at *1 (W.D.N.C. Nov. 7, 2006). And "[o]f course, the court has discretion to grant additional time to a party to plead or otherwise defend." 10A Charles A. Wright, et al., *Federal Practice and Procedure*, § 2682 (4th ed. 2025).

Accordingly, the counter-defendants' motion for extension of time is granted. Counter-defendants must answer or otherwise respond to Asterra's amended counterclaims within five (5) days of the date of entry of this order. Asterra's motion for entry of default [DE 26] is denied.

The Court next considers the motions to dismiss filed as against plaintiffs' complaint. Both motions have been filed under Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the complaint's legal and factual sufficiency. *See* Fed. R. Civ. P. 12(b)(6). The focus is on the pleading requirements under the Federal Rules, not the proof needed to succeed on a claim. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). This standard does not require detailed factual allegations, *id.*, but it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). For a claim to be plausible, its factual content must permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

4

The Court has considered plaintiffs' complaint in light of the applicable standards, as well as the arguments of counsel, and determines that plaintiffs have stated plausible claims for relief against Rise Capital and McConnell, with the exception of their claim for breach of the implied duty of good faith and fair dealing under Texas law against McConnell. The parties agree that Texas law applies to McConnell's employment contract with plaintiffs. "Texas law does not recognize a duty of good faith and fair dealing in every contract or business transaction." *GTE Mobilnet of S. Texas Ltd. P'ship v. Telecell Cellular, Inc.*, 955 S.W.2d 286, 295 (Tex. App. 1997), *writ denied* (Nov. 13, 1997). Rather, there must be a special relationship between the parties based on either unequal bargaining power or trust. *Id.* Texas has recognized such a relationship in "certain narrowly limited circumstances." *Id.*; *see also Hux v. S. Methodist Univ.*, 819 F.3d 776, 781 (5th Cir. 2016). Plaintiffs' allegations against McConnell supporting their good faith and fair dealing claim arise only from the employer-employee context, irrespective of whether plaintiffs describe the trust they extended to McConnell as somehow going beyond a traditional employment context. But Texas courts have not recognized the "special relationship" necessary for a good faith and fair dealing claim in the employer-employee context. *See Hux*, 819 F.3d at 781; *Electro Assocs., Inc. v. Harrop Const. Co.*, 908 S.W.2d 21, 22 (Tex. App. 1995), *writ denied* (Feb. 1, 1996).

And to the extent North Carolina law applies to this claim, plaintiffs have failed to state a claim. North Carolina courts treat a "claim for the implied covenant of good faith and fair dealing" as "part and parcel" of a "claim for breach of contract" when both are premised on the same acts. *Cordaro v. Harrington Bank. FSB*, 260 N.C. App. 26, 38–39 (2018). Although plaintiffs have argued that there may be gaps in the employment contract which a good faith and fair duty claim

5

would be permitted to fill, their complaint contains no such allegations. Accordingly, this claim against McConnell is dismissed.

## CONCLUSION

For the foregoing reasons, Rise Capital's motion to dismiss [DE 12] is DENIED, counter-defendants' motion to dismiss the original counterclaims [DE 20] is DENIED AS MOOT, Asterra's motion for entry of default [DE 26] is DENIED, counter-defendants' motion for extension of time to respond to the amended counterclaims [DE 28] is GRANTED, and defendant McConnell's partial motion to dismiss [DE 31] is GRANTED IN PART and DENIED IN PART. Counter-defendants shall answer or otherwise respond to the amended counterclaims within five (5) days of the entry of this order. Plaintiffs' claim for breach of the duty of good faith and fair dealing against defendant McConnell is DISMISSED.

The clerk is DIRECTED to refer this case to United States Magistrate Judge Kimberly Swank for entry of a scheduling order. The Court anticipates setting a trial in this case during its August 2026 term.

SO ORDERED, this _16_ day of March 2026.

_Terrence Boyle_
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE