IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-400-KS

MC BOTANICALS LLC and )
MC NUTRACEUTICALS LLC, )
)
Plaintiffs, )
)
v. )
)
ASTERRA LABS LLC; RISE CAPITAL )
LLC; and RYAN MCCONNELL, )
) **CASE MANAGEMENT ORDER**
Defendants. )
_____ )
)
ASTERRA LABS LLC, )
)
Counter-Plaintiff, )
)
v. )
)
BRET C. WORLEY, *et al.*, )
)
Counter-Defendants. )

This case is before the court for issuance of a Case Management Order. The court has reviewed the parties' joint Rule 26(f) Report, filed March 20, 2026 [DE #40] and ORDERS the following:

### A.    Initial Disclosures

Initial disclosures required by Fed. R. Civ. P. 26(a)(1) shall be made by **April 20, 2026**. Any party making an appearance after this order has been entered shall be required to confer with the other parties and make disclosures pursuant to Fed. R. Civ. P. 26(a)(1) within twenty-one (21) days after the party's appearance. Such party

shall be bound by the terms of this order unless the party moves for and obtains amendment of this order by the court.

**B.      Discovery**

1.      Fact discovery shall commence in time to be completed by **October 2, 2026.**

2.      Expert discovery may commence **October 4, 2026**, and shall be completed by **December 15, 2026.**

3.      Unless otherwise agreed by the parties or allowed by the court for good cause shown, discovery shall be limited as follows:

a.      A maximum of twenty-five (25) interrogatories, inclusive of subparts, may be propounded by each set of counsel.

b.      A maximum of fifty (50) requests for admission may be propounded by each set of counsel; provided, however, that requests for admission as to the authenticity and admissibility of documents, electronically stored information, and things shall not count toward this limit.

c.      A maximum of ten (10) fact-witness depositions may be taken by each set of counsel. Each deposition under Rule 30(b)(6) shall constitute a single deposition regardless of the number of witnesses designated to testify.

d.      Each set of counsel may take the deposition of each expert witness identified by the other sets of counsel.

e. Each deposition, including each Rule 30(b)(6) deposition, shall be limited to seven (7) hours, exclusive of breaks. Time spent testifying as a witness designated pursuant to Rule 30(b)(6) shall not count toward the seven-hour time limit for any individual deposition of such witness, and vice versa.

4. Discovery materials shall not be filed with the court unless ordered by the court or required by this court's Local Civil Rules for use in the proceedings. This includes Rule 26(a)(1) initial disclosures, interrogatories, requests for production of documents, notices to take depositions, subpoenas, expert witness designations, expert witness reports, requests for admissions, and answers and responses to any discovery requests. *See* Local Civ. R. 26.1(a).

5. Any objection to interrogatories or requests for production shall be stated with particularity. Boilerplate objections, such as "overbroad," "irrelevant," "unduly burdensome," or "not reasonably calculated to identify admissible evidence" without a particularized basis, may be treated as a failure to answer, disclose, or respond pursuant to Rule 37(a)(4).

6. Expert Witnesses:

a. Disclosure of any expert witnesses and submission of any reports thereof pursuant to Rule 26(a)(2) concerning issues for which a party bears the burden of proof shall be due **October 4, 2026**.

3

b. Disclosure of any rebuttal expert witnesses and submission of any reports thereof pursuant to Rule 26(a)(2) shall be due **November 2, 2026.**

7. Supplementation must be made promptly after receipt of the supplementary information by a party or its counsel in accordance with Fed. R. Civ. P. 26(e) and in no event later than the close of the fact or expert discovery period, as applicable.

8. Pursuant to Fed. R. Civ. P. 29, the parties need not seek court approval of any agreement to modify the procedures or deadlines for discovery, except that the parties must obtain court approval of any agreement that would interfere with the time set for completion of discovery, for mediation, for hearing of a motion, or for trial.

## C. ESI/Protective Orders

The parties shall confer and submit, as soon as reasonably practicable, any jointly proposed orders governing disclosure of electronically stored information ("ESI") or confidential information. Any proposed protective order shall set forth (i) the basis for a finding of good cause for issuance of a protective order; and (ii) the procedure for filing under seal documents containing protected information in accordance with Section V.G. of the court's Electronic Case Filing Administrative Policies and Procedures Manual, available on the court's website at http://www.nced.uscourts.gov/pdfs/cmecfPolicyManual.pdf.

### D. Joinder/Amendment

1. Motions to join additional parties or to amend pleadings must be made promptly after the information giving rise to the motion becomes known and in no event later than **September 15, 2026**.

2. After September 15, 2026, joinder or amendment may be made only in accordance with Federal Rules of Civil Procedure 15(a)(2) and 16(b)(4), the court considering, inter alia, any resulting delay.

3. Nothing in this order shall relieve any party of any requirement to obtain court approval prior to joining a party or amending its pleadings.

### E. Dispositive Motions

All potentially dispositive motions shall be filed by **January 29, 2027**.

### F. Discovery Disputes

Prior to the filing of any motion concerning discovery, the parties shall meet and confer, *in person, by telephone, or by videoconference,* to attempt to resolve any disputed issues including, without limitation, the scope or proportionality of requested discovery and any claim of privilege or need for a protective order. In the event the parties are unable to resolve any disputes through the meet-and-confer process, the parties shall request a discovery conference with the court by filing a joint motion advising the court of the general nature of any disputes, the efforts taken to resolve such disputes, and the need for the court's involvement in resolving any such disputes.

Upon the court's receipt of a request for discovery conference, the court may direct the parties to submit short letter briefs or a joint report outlining the parties' respective positions and may hold a telephone or in-person discovery conference. Alternatively, the court may direct any party seeking relief to file a discovery motion.

G.     Mediation

This action has been selected for mediation pursuant to the court's Alternative Dispute Resolution Rules, Local Civil Rules 101-101.3, E.D.N.C. Within **twenty-one (21) days** after entry of this Order, the parties shall file a statement identifying their selected mediator and complying with the other requirements of Local Civil Rule 101.lc(a). If a statement is not timely filed, the Clerk will appoint a mediator from the list of court-certified mediators in accordance with Local Civil Rule 101.1c(b). The mediation shall be conducted by **August 31, 2026**.

H.     Pretrial Conferences

This matter is scheduled for a non-final Rule 16 pretrial conference at **12:00 p.m. on June 10, 2026**, at the United States Courthouse Annex in Greenville. Depending on the nature of any disputed issues, the court may schedule the matter for a telephonic or video conference in lieu of an in-person conference, or the court may continue or terminate the conference if there are no disputes.

In preparation for the conference, the parties shall confer in person or by telephone or videoconference and submit to the court, on or before **June 3, 2026**, a joint report outlining (i) any outstanding motions; (ii) any discovery disputes, scheduling issues or other matters the parties desire to have addressed at the pretrial

6

conference; (iii) the parties' respective positions on matters to be addressed at the conference; (iv) efforts made to resolve any such disputes without court intervention; and (v) any request that the conference be held by telephone or video conference or continued to a later date.

A telephonic trial scheduling conference will be held **March 23, 2027, at 11:00 a.m.** or at such other time as may be ordered by the court. A final pretrial conference and trial date will be set at or following the scheduling conference.

The remaining provisions of the parties' discovery plan are ADOPTED as the court's order, unless inconsistent with the terms provided herein.

This 7th day of April 2026.

KIMBERLY A. SWANK
United States Magistrate Judge

7